## Walnut Savings and Loan Association v. D. & W. Builders, Inc.

*R. Winfield Baile*, for plaintiff.

*Morley W. Baker*, for Commonwealth.

SWEENEY, P. J., October 28, 1963.—

*Opinion*

This case is before the court en banc by reason of exceptions filed by the Commonwealth of Pennsylvania to the sheriff's distribution policies covering funds raised by public sale of three properties in Radnor Township, this county.

There are no factual disputes; the question of fact is a legal one and is the same in all three cases. Plaintiff held three mortgages on the three properties owned by defendant. A mortgage foreclosure and public sales raised a fund for distribution.

Plaintiff's mortgages, their dates, amounts and place of record are as follows:

| Lot No. | Dated | Amount | Date Recorded | Mortgage Book |
|---|---|---|---|---|
| 110 | 9/24/62 | $23,300 | 10/11/62 | 2585, p. 85 |
| 115 | 9/24/62 | 24,300 | 10/11/62 | 2585, p. 82 |
| 130 | 9/17/62 | 23,000 | 9/18/62 | 2584, p. 490 |

There were no local taxes due on the date of the sale, to wit, June 28, 1963. The Commonwealth entered liens on behalf of the Unemployment Compensation Fund the day before the sheriff sale, to wit, June 27, 1963, in the total sum of $875.62.

On July 29, 1963, the sheriff filed schedules of distribution showing local taxes unpaid for the year 1963 as follows: Lot 110, $79.15; lot 115, $79.15 and lot 130, $784.32.

The Commonwealth contends that its lien must be paid ahead of local taxes and existing mortgages. They base their contention upon Odabashian v. Baker, 14 D. & C. 2d 489. However, since the Governor, on August 27, 1963 (43 PS § 788.1), signed Act No. 522 of the 1963 General Assembly into law, we cannot agree with the Commonwealth's contention.

The new act provides, inter alia, that the lien imposed for contributions due and payable by an employer under the provisions of the Unemployment Compensa-

tion Act of December 5, 1936, P. L. 2897, as amended, shall have priority from the date of the lien's entry of record and shall be fully paid out of the proceeds of a judicial sale of property subject thereto before any other obligation "except . . . real estate taxes and municipal claims against such property, but shall be subordinate to mortgages . . . existing and duly recorded . . . prior to the recording of the tax lien." It is further provided that "This act shall take effect immediately and shall be applicable to delinquencies occurring either before or after the effective date of this act."

It would appear, therefore, that the 1963 local taxes against the properties herein involved should be paid first, next the mortgages, which were recorded before the Commonwealth lien was filed, and thereafter the lien of the Commonwealth. In checking the amounts raised on execution, there will not be enough to pay the lien of the Commonwealth.

We enter the following

### Decree

And now, October 28, 1963, it is ordered and decreed that the exceptions herein filed by the Commonwealth of Pennsylvania to the schedule of distribution is hereby dismissed; an exception is noted to the Commonwealth of Pennsylvania.